23-7618-ag
*Flores-Castillo v. Blanche*

BIA
Drucker, IJ
A240 477 782/783

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of May, two thousand twenty-six.

PRESENT:  SARAH A. L. MERRIAM,
      MARIA ARAÚJO KAHN,
        *Circuit Judges*,
      ARUN SUBRAMANIAN,
        *District Judge*.*

---

WENDIS MELANIA FLORES-CASTILLO,
P. A. V.-F.,†

   *Petitioners*,

    v.             23-7618-ag

---

* Judge Arun Subramanian of the United States District Court for the Southern District of New York, sitting by designation.

† We use only initials to refer to the minor petitioner in this publicly accessible order, consistent with Federal Rule of Civil Procedure 5.2(a)(3) and Federal Rule of Appellate Procedure 25(a)(5).

TODD BLANCHE, Acting United States
Attorney General,

     *Respondent*.

_____

FOR PETITIONERS:                       Michael W. Pottetti, Law Office of Michael Pottetti, Port Jefferson, N.Y.

FOR RESPONDENT:                Brian M. Boynton, Principal Deputy Assistant Attorney General, Civil Division; Holly M. Smith, Assistant Director; Brett F. Kinney, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, and DECREED that the petition for review is GRANTED.

Petitioners Wendis Melania Flores-Castillo, on behalf of herself and her female minor child, both citizens of Honduras, seeks review of an October 4, 2023, decision of the BIA affirming an October 11, 2022, decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] *See In re Flores-Castillo*, Nos. A 240 477 782/783 (B.I.A. Oct. 4, 2023), *aff'g* Nos. A 240 477 782/783 (Immigr. Ct. N.Y.C. Oct. 11, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

_____

[1] Flores-Castillo is the sole petitioner in this matter; her minor child is listed as a derivative beneficiary on Flores-Castillo's application.

"Where, as here, the BIA affirms the result below without opinion, we review the IJ's decision directly as the final agency determination." *Twum v. I.N.S.*, 411 F.3d 54, 58 (2d Cir. 2005). We review the agency's factual findings, as well as its application of law to fact, for substantial evidence. *See Urias-Orellana v. Bondi*, 607 U.S. ---, 146 S. Ct. 845, 851-52 (2026). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. §1252(b)(4)(B).

An applicant for asylum has the burden to demonstrate past persecution or a well-founded fear of future persecution and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for" the persecution. 8 U.S.C. §1158(b)(1)(B)(i); *see also* 8 C.F.R. §1208.13(b). An applicant for withholding of removal has the burden to demonstrate past persecution or a likelihood of future persecution, and that such persecution was or will be "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 C.F.R. §1208.16(b)(1)(i), (2); *see also* 8 U.S.C. §1231(b)(3)(A). Flores-Castillo did not allege past persecution, and so she had the burden of demonstrating at least a well-founded fear of future persecution.[2] In order to demonstrate a well-founded fear of future persecution, an applicant must establish that she has both a subjective fear of persecution

---

[2] "The applicant bears the burden of demonstrating eligibility for asylum and withholding of removal." *Delgado v. Mukasey*, 508 F.3d 702, 706 (2d Cir. 2007). Because the burden of proof for withholding of removal "requires the applicant to clear a higher bar," *id.* at 705, if an applicant fails to demonstrate eligibility for asylum, she will be unable to demonstrate eligibility for withholding of removal. *See Vanegas-Ramirez v. Holder*, 768 F.3d 226, 237 (2d Cir. 2014).

that is genuine, and that such fear is objectively reasonable. *See Kyaw Zwar Tun v. U.S. I.N.S.,* 445 F.3d 554, 564 (2d Cir. 2006). "An asylum applicant can show a well-founded fear of future persecution in two ways: (1) by demonstrating that he or she 'would be singled out individually for persecution' if returned, or (2) by proving the existence of a 'pattern or practice in [the] . . . country of nationality . . . of persecution of a group of persons similarly situated to the applicant' and establishing his or her 'own inclusion in, and identification with, such group.'" *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) (quoting 8 C.F.R. §1208.13(b)(2)(iii)).

Flores-Castillo asserted that she feared future persecution if she returned to Honduras because of gang-related violence. She claimed membership in two particular social groups – "Honduran women and parents of females in Honduras" – and alleged that she would be singled out for persecution because of such membership. Certified Admin. Rec. ("CAR") at 100. She also claimed that her fear that she and her daughter would suffer gang-related violence was based on the "control that the gangs have over Honduras" and the fact that women and teenaged girls are usually the targets of such gangs. CAR at 100.

The IJ found Flores-Castillo credible and concluded that she has a subjective fear of persecution that is genuine. However, the IJ also found that Flores-Castillo had "failed to produce any evidence that her fear is objectively reasonable and based on a protected ground." CAR at 31. The IJ concluded: "[N]ot only is there no specific evidence relating to *these* [petitioners] that would establish that their fear is objectively reasonable, there is no evidence in the record that *these* [petitioners] would be in danger of persecution based

4

on their gender." CAR at 32 (emphases added). For that reason, the IJ denied the application for asylum and withholding of removal.

Flores-Castillo argues that the agency erred in failing to consider her allegation that there is a pattern or practice of persecution of women in Honduras, and by resting its conclusion solely on the lack of a showing of individualized persecution. The government argues that Flores-Castillo did not raise a pattern or practice claim before the IJ, nor did she argue before the BIA that the IJ overlooked such a claim, and that any such claim is therefore unexhausted. *See* 8 U.S.C. §1252(d)(1). We disagree.

"Before a petitioner can seek judicial review of [her] removal decision," including judicial review based on a specific argument, "the INA requires that [s]he exhaust all administrative remedies available to [her]." *Ojo v. Garland*, 25 F.4th 152, 160 (2d Cir. 2022); *see also Gill v. I.N.S.*, 420 F.3d 82, 86 (2d Cir. 2005) ("[T]he exhaustion requirements preclude a petitioner from raising a whole new *category of relief* on appeal . . . [but] we have never held that a petitioner is limited to the exact contours of his argument below."). "[T]he exhaustion requirement is satisfied when the issue raised on appeal is either a specific, subsidiary legal argument or an extension of an argument raised directly before the BIA." *Ojo*, 25 F.4th at 160 (citation modified); *cf. Vera Punin v. Garland,* 108 F.4th 114, 124 (2d Cir. 2024) ("[W]hen an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted and we cannot hear it.").

Flores-Castillo submitted a statement to the IJ asserting that she is "afraid of being returned to Honduras due to the prevalent violence against women, the *de facto* gangs

5

that rule the country, and the lack of protection from the Honduran government." CAR at 221. She stated that "Honduras has the highest rate of femicide in Latin America" and that she fears "becoming a victim of femicide at the hands of gang members." CAR at 222. Flores-Castillo's counsel argued before the IJ that the "government of Honduras is unable or unwilling to limit the control that the gangs have over Honduras" and that those gangs usually target women and teenaged girls. CAR at 100. Flores-Castillo also submitted country conditions evidence describing violence perpetrated against women in Honduras. *See* CAR at 107-26, 131-39, 152-68, 174, 202-04, 214-15. Taken together, this is sufficient to raise the claim that "there is a pattern or practice . . . of persecution" of women in Honduras. 8 C.F.R. §1208.13(b)(2)(iii).

In her appeal to the BIA, Flores-Castillo argued that the IJ had ignored evidence supporting her "thesis that . . . in Honduras there is a 'prevalent violence against women' committed with impunity." CAR at 21. The appeal submission further emphasized that Flores-Castillo was not asserting that she was at risk from her partner, but that "she was at risk of becoming a victim of femicide at the hands of gang members," CAR at 21 (citation modified), but the IJ erroneously focused on her partner's actions. These statements are sufficient to raise the argument before the BIA that the IJ failed to consider petitioners' pattern or practice claim. Thus, the pattern or practice claim was adequately raised before both the IJ and the BIA, and it has been exhausted.

"Neither the IJ nor the BIA . . . considered [Flores-Castillo's] claim that there is a pattern or practice of persecution" of women in Honduras. *Mufied v. Mukasey*, 508 F.3d 88, 91 (2d Cir. 2007). "[T]he proper course" is, therefore, "to remand to the agency for

6

additional" proceedings. *Id.* at 92 (citation modified); *see also Kabwe v. Garland*, No. 20-2799, 2023 WL 4926198, at *2 (2d Cir. Aug. 2, 2023) (summary order) ("A pattern or practice claim involves factual issues that must be addressed by the agency in the first instance."). Here, the IJ acknowledged that Flores-Castillo had "submitted substantial country condition evidence," CAR at 30, but the IJ only addressed the likelihood of individualized persecution. When an IJ considers such evidence but "only to inquire whether [it] would lead to a finding that it is more likely than not that *this particular person* will be persecuted," that is insufficient to address a pattern or practice claim. *Mufied,* 508 F.3d at 91 (citation modified); *cf. Santoso v. Holder,* 580 F.3d 110, 112 (2d Cir. 2009) (per curiam). Because the agency failed to address Flores-Castillo's pattern or practice claim, we remand for the agency to consider that claim in the first instance. *See Mufied*, 508 F.3d at 91.

Finally, we note that Flores-Castillo has abandoned her CAT claim by failing to meaningfully address it in her brief to this Court. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) (per curiam) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (citation modified)); *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (deeming claim abandoned where brief "devotes only a single conclusory sentence to" it).

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED to the BIA for further proceedings

7

consistent with this decision. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court